# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **United States of America,** | Civ. No. 10-0831 (RHK/JJG) |
| **Plaintiff,** | |
| v. | **REPORT AND RECOMMENDATION** |
| **Maria K. Woroby,** | |
| **Defendant.** | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter came before the Court on February 28, 2011 for a hearing on Plaintiff United States of America's Motion for Report and Recommendation and Order for Sanctions (Doc. No. 18). Erika Mozangue appeared on behalf of Plaintiff United States of America. Defendant Maria K. Woroby, an attorney who is representing herself pro se, did not appear at the hearing. The motion for sanctions was referred to this Court in an order of reference dated December 30, 2010. For the reasons set forth below, the Court recommends that the motion be granted as to striking Defendant's answer and entering default judgment.

**I.     Background**

The United States brought this action to collect payment on a defaulted student loan. According to the complaint, Maria Woroby executed a promissory note for $81,556.40 on June 25, 2000. Woroby defaulted on the terms of the note and failed to cure the default after demand was made. Interest is accruing on the unpaid balance at 8.25 percent annually, or $22.27 per day. The United States asks for a money judgment in the sum of $98,612.57, reflecting the principal; prejudgment interest to November 24, 2009, in the amount of $42,651.58; additional

prejudgment interest at the rate of $22.27 per day; and postjudgment interest, attorney's fees and costs as allowed by law.

Woroby has done very little to defend against this action since filing her answer on April 9, 2010. She did not file a Rule 26(f) Report, even after she was contacted by the Court's chambers, and the pretrial scheduling order noted her lack of input. On July 1, 2010, the United States served interrogatories, requests for admission, and requests for production of documents, to which Woroby did not respond. A month later, the United States wrote to Woroby to remind her that the discovery was due. Woroby left a message promising to mail the discovery within a day or two, but she did not follow through. The United States telephoned Woroby once more before filing a motion to compel and for sanctions. Woroby did not provide the discovery, respond to the motion, or appear at the hearing. In an Order dated October 12, 2010, this Court granted the motion to compel but denied the motion for sanctions without prejudice. The Court explicitly advised Woroby that if she did not provide the requested discovery by November 12, 2010, the United States could move for sanctions including default judgment.

Woroby did not comply with the discovery order, and the United States filed the instant motion for sanctions on November 29, 2010. The United States asks the Court to find Woroby in civil contempt, strike her answer, impose a default judgment for the amounts alleged in the complaint, deem the outstanding requests for admission admitted, and award $250 in costs and fees. Woroby did not file a response to the motion before the hearing. She did, however, call the Court's chambers on the morning of the hearing to advise the Court that she intended to attend the 9:30 a.m. hearing but might be a few minutes late. By 9:50 a.m., twenty minutes after the hearing was scheduled to start, Woroby had not appeared, and the Court commenced the hearing. Woroby did not appear during the course of the three-minute hearing. At approximately 10:15

a.m., Woroby arrived at the Court's chambers and said she had some papers to submit. Chambers staff advised Woroby that the hearing had ended and that she could submit her materials to the Clerk's Office.

In Woroby's late submission, she claims that her student loan debt was discharged in bankruptcy in *In re Maria K. Woroby*, Case No. 05-39830-DDO (Bankr. D. Minn. filed Oct. 14, 2005). She attached a one-page discharge order, which does not refer to any creditors; a partial copy of the docket sheet; an unverified, typewritten list of creditors; a SallieMae invoice dated May 22, 2005; and a forbearance agreement for the time period from May 21, 2004 to November 21, 2004. She also claims that her ex-husband paid $12,000 toward her student loan debt in 2006, but there is no record of this payment.

## II.     Discussion

### A.     Woroby's Post-Hearing Filing

The papers Woroby submitted to the Court after the hearing on February 28th have no effect on the United States' motion for sanctions. The documents do not explain Woroby's failure to participate in the case or produce discovery, nor do the papers contain any of the discovery the United States requested.

Furthermore, to the extent the United States' motion implicates the merits, Woroby has not shown that her student loan debt was discharged in bankruptcy. Government-backed student loan debt is dischargeable in bankruptcy only if the debtor proves that repaying the loan would cause undue hardship. *See* 11 U.S.C. § 523(a)(8); *Educ. Credit Mgmt. Corp. v. Jesperson*, 571 F.3d 775, 778 (8th Cir. 2009). The debtor must commence a separate adversary proceeding to establish undue hardship. *See* Fed. R. Bankr. P. 7001(6), 7003. According to Woroby's filing and the Minnesota bankruptcy court's CM/ECF site, Woroby did not commence an adversary

proceeding or obtain a determination of undue hardship. Accordingly, the Court cannot conclude that Woroby's student loan debt was discharged.

**B.     Sanctions**

The purpose of sanctions under Federal Rule of Civil Procedure 37(b)(2) is "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (per curiam). A court need not "impose the least onerous sanction available, but may exercise its discretion to choose the most appropriate sanction under the circumstances." *Keefer v. Provident Life & Accident Ins. Co.*, 238 F.3d 937, 941 (8th Cir. 2000) (citation omitted). Before a court may impose a dispositive sanction such as default judgment for failure to comply with a discovery order, there must be "(1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party." *See id.* at 940 (considering whether the sanction of dismissal was proper).

The three requisite factors are met here. This Court issued an order compelling discovery on October 12, 2010. Woroby willfully violated that order by failing to produce discovery despite a clear directive and admonition that she risked an entry of default judgment. The United States would be prejudiced if required to prosecute its case without the benefit of any discovery from Woroby. Accordingly, the Court concludes that striking Woroby's answer and entering default judgment is appropriate. *See Parker v. Rowland Express, Inc.*, Civ. No. 06-4821 (RHK/AJB), 2008 WL 2986385, at *1 (D. Minn. July 30, 2008) (Kyle, J., adopting report and recommendation of Boylan, Mag. J.).

If Woroby's answer is stricken and default judgment entered, the requested sanction of contempt seems unnecessary and duplicative. The United States does not argue otherwise. Thus,

4

the Court does not recommend the imposition of this sanction. As for the requests for admission, those were automatically deemed admitted pursuant to Federal Rule of Civil Procedure 36(a)(3) after Woroby failed to answer within thirty days. An order deeming the requests admitted is not necessary. Finally, with respect to fees and costs, the United States has not submitted an affidavit or any other proof verifying that it has expended $250. The Court takes no position whether costs and fees are recoverable under 28 U.S.C. § 2412, Federal Rule of Civil Procedure 54(d), or Local Rule 54.3, but finds only that the United States has not submitted sufficient proof to obtain an award of costs or fees as a Rule 37 sanction.

With respect to the amount of the judgment, the principal and interest combined as of November 24, 2009 was $141,264.15. Interest accrues on the principal at $22.27 per day. Depending on if and when judgment is entered, the Court recommends that the amount of the judgment reflect the total amount of debt plus all prejudgment interest.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff United States of America's Motion for Report and Recommendation and Order for Sanctions (Doc. No. 18) be **GRANTED IN PART** and **DENIED IN PART** as set forth fully herein, and that **JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: March 4, 2011

    s/ *Jeanne J. Graham*
    JEANNE J. GRAHAM
    United States Magistrate Judge

## NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **March 21, 2011**. A party may respond to the objections within ten days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the District Judge is not required to review a transcript or the District Judge directs otherwise.